IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL NO. _____ |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| ALL FUNDS ON DEPOSIT AT | ) | |
| HONG KONG AND SHANGHAI | ) | |
| BANKING CORPORATION (HSBC— | ) | |
| HONGKONG), ACCOUNT NUMBER ***- | ) | |
| ******-838, IN THE NAME OF TRADE | ) | |
| AVALON LTD., LAST VALUED AT | ) | |
| APPROXIMATELY $112,000.00 IN | ) | |
| UNITED STATES CURRENCY AND | ) | |
| £3314.00 BRITISH POUNDS, | ) | |
| | ) | |
| DEFENDANTS IN REM. | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Plaintiff United States of America, by and through the United States Department of

Justice, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), brings this Verified Complaint

for forfeiture in a civil action in rem against all contents of Hong Kong and Shanghai Banking

Corporation (HSBC—Hong Kong) multi-currency bank account number ***-******-838,

including all forms of currency.  This bank account and its contents are located in Hong Kong.

## NATURE OF THE ACTION

1. This is a civil action in rem to enforce the provisions of 18 U.S.C. § § 981(a)(1)(A) and

   981(a)(1)(C) in order to condemn and forfeit to the exclusive use and benefit of the

United States of America all funds on deposit in  Defendant bank account (hereinafter "Defendant asset").

2.  The Defendant asset is held by Trade Avalon, Ltd.  in Hong Kong.

3.  The Defendant asset is located outside the United States but is subject to forfeiture in the United States pursuant to 18 U.S.C. § §  981(a)(1)(A) and 981(a)(1)(C).

4.  Pursuant to 18 U.S.C. §  981(a)(1)(A), property is forfeitable to the United States when it constitutes "property, real or personal, involved in a transaction or attempted transaction in violation" of 18 U.S.C. §  1956 or "any property traceable thereto."

5.  Pursuant to 18 U.S.C. § 981(a)(1)(C), property is forfeitable to the United States when it constitutes or is derived from proceeds traceable to an offense constituting a specified unlawful activity."  Specified unlawful activities are defined by 18 U.S.C. § 1956(c)(7) and include drug trafficking.

## DEFENDANT IN REM

6.  The Defendant asset is described as follows:  all contents of Hong Kong and Shanghai Banking Corporation (HSBC—Hong Kong) multi-currency account number ***-******-838, including all forms of currency, held in the name of Trade Avalon, Ltd.  The Defendant asset is believed to be located and maintained in Hong Kong.

7.  The following may have an interest in the Defendant asset:  Trade Avalon, Ltd.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over this action by virtue of 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil cases commenced by the United States) because it has been commenced by the United States, and 28 U.S.C. §  1355(a)(district courts have

original jurisdiction of any action for forfeiture), because it is an action for the recovery

and enforcement of a forfeiture under an Act of Congress.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1355(b)(1) which provides in

relevant part that:

> A forfeiture action or proceeding may be brought in – (A) the district court for the
> district in which any of the acts or omissions giving rise to the forfeiture occurred

The Defendant asset is located in Hong Kong, however, the drug trafficking activity that

funded the contents of the Defendant asset occurred in the District of South Carolina.

10. This civil action in rem for forfeiture is governed by 18 U.S.C. §§ 981 and 983, the

Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture.

11. Upon the filing of this Complaint, Plaintiff will seek the issuance of a warrant of arrest in

rem for the Defendant asset located in Hong Kong and will transmit the applicant warrant

to the appropriate legal authorities in these counties pursuant to formal letters rogatory or

in accordance with such treaties to which the Government of the United States of

America and Hong Kong are parties.

## FACTS

12. On May 14, 2013, a federal grand jury in the District of South Carolina returned a

superseding indictment charging Ravi Patel, Amanda McCraw, Revolution Distribution,

LLC, Southern Burn, LLC, Southern Novelties, Liquid Entertainment, LLC d/b/a Bosch,

Priority Distribution Company, LLC and others with violations of 21 U.S.C. §§ 841,

846, 802, 813, 331, 333, 334, and 352 (conspiracy to possess with intent to distribute and

distribution of Schedule I controlled substances and controlled substance analogues and

conspiracy to introduce in interstate commerce misbranded drugs); 18 U.S.C. §§ 545

and 2 (attempt to smuggle goods into the United States); and 1956(h) (conspiracy to commit money laundering). The indictment alleged that the conspiracy began in or around 2011 and the indictment included a forfeiture allegation seeking a money judgment totaling at least $5,039,281.

13. Ravi Patel (hereinafter "Patel"), along with coconspirators, and related business entities operated and engaged in the national distribution of controlled substances and controlled substance analogues (hereinafter "drugs"). This conspiracy generated much of its business via internet sales, as the conspirators did not operate a storefront. Patel and his conspirators established at least eight business entities and opened no less than twenty-seven separate domestic bank accounts in order to conceal the source, nature and ownership of the proceeds of drug trafficking from the online "bath salts" and "synthetic marijuana" drug business. Using the domestic bank accounts, Patel paid foreign and domestic drug suppliers and other business expenses incurred as a result of the illicit drug business.

14. As a part of the conspiracy, Patel and his coconspirators served as the United States distribution point for Am-Hi-Co, a foreign business entity engaged in internet sales of drugs, specifically bath salts and synthetic marijuana. Patel and his coconspirators would receive and fulfill orders for Am-Hi-Co's United States customers.

15. As a part of the conspiracy, Patel and his coconspirators imported bulk quantities of drugs. Law enforcement intercepted at least one such package. Patel and his coconspirators would then prepare the bulk product for wholesale and retail customers.

16. As part of the conspiracy, Patel and his coconspirators conducted and attempted to conduct various financial transactions involving the proceeds of the drug business with

the intent to promote the drug business by paying laboratories for the testing of drugs, rent for the drug businesses, web advertising, and shipping and packaging materials for the drugs.

17. As part of the conspiracy, Patel and his coconspirators conducted and attempted to conduct financial transactions involving the proceeds of the drug business knowing that said transactions were designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the drug business.

18. As part of the conspiracy, Patel and his coconspirators engaged in monetary transactions involving funds derived from the drug business by purchasing two micro-fillers for over $20,000 in United States currency. These micro-fillers were designed to fill small packets of drugs that could later be distributed by the conspiracy.

19. On May 16, 2013, Patel and several of his indicted coconspirators were arrested on the above-referenced superseding indictment. After his arrest, Patel agreed to speak with agents of the DEA. Patel identified Hong Kong and Shanghai Banking Corporation (HSBC-Hong Kong) bank account ***-******-838 as the account to which he ordered a wire transfer of $200,000 United States currency to on April 25, 2013. According to Patel, the wired funds represented proceeds of drug trafficking and were wired at the direction of an individual he knows as "David Smith." Patel also provided DEA with a copy of the wire transfer document request form. This document showed that Patel made the request at Wells Fargo, N.A. and directed the $200,000 transfer from a Southern Burn, LLC account to Hong Kong and Shanghai Banking Corporation (HSBC—Hong Kong) multi-currency bank account number ***-******-838.

20. Hong Kong and Shanghai Banking Corporation (HSBC—Hong Kong) multi-currency bank account number \*\*\*-\*\*\*\*\*\*-838  is held in the name of Trade Avalon, Ltd.

21. On February 25, 2014, Patel entered a guilty plea to conspiracy to possess with intent to distribute and distribution of Schedule I controlled substances and controlled substance analogues and conspiracy to commit money laundering.

### FIRST CLAIM FOR RELIEF
**(18 U.S.C. § 981(a)(1)(C) for violations of 21 U.S.C. § § 841, 846, 802, and 813)**

22.  Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 to 22 above.

23. Pursuant to 18 U.S.C. §  981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" or a conspiracy to commit such offense is subject to forfeiture to the United States.

24. "Specified unlawful activity" is defined in 18 U.S.C. §  1956(c)(7)(C) to include, among other things, "any act or acts constituting a continuing criminal enterprise, as that term is defined in section 408 of the Controlled Substance Act (21 U.S.C. 848)."

25.  "Specified unlawful activity" is defined in 18 U.S.C. §  1956(c)(7)(A) to include "any act or activity constituting an offense listed in section 1961(a) of this title except an act which is indictable under subchapter II of chapter 53 of title 31."

26. Section 1961 of Title 18 includes "the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substance Act), punishable under any law of the United States."

27. As set forth above, Defendant assets contained in Hong Kong and Shanghai Banking Corporation (HSBC—Hong Kong) multi-currency bank account number \*\*\*-\*\*\*\*\*\*-838  were derived from the illegal sale and distribution of controlled substances and controlled substance analogues in violation of 21 U.S.C. §§  841, 846, 802, and 813.

28. Therefore, Defendant assets are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), on the grounds that Defendant assets constitute or are derived from proceeds traceable to a specified unlawful activity.

## SECOND CLAIM FOR RELIEF
### (18 U.S.C.  § 981(a)(1)(A) for violations of 18 U.S.C. §  1956(h))

29.  Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 to 22 above.

30.  Pursuant to 18 U.S.C. § 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(h) or any property traceable to such property is subject to forfeiture to the United States.

31.  Patel and his coconspirators knowingly conspired to conduct or attempt to conduct money laundering or financial transactions in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1957 which transactions involved the proceeds of "specified unlawful activity," to wit – drug trafficking.

32. Defendant assets are property involved in transactions or attempted money laundering or financial transactions in violation of 18 U.S.C. § 1956(h), or are property traceable to such property, and, therefore are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

Wherefore, Plaintiff United States of America prays that this Honorable Court issue a warrant and summons for the arrest and restraint or seizure of Defendant assets, that is, Hong Kong and Shanghai Banking Corporation (HSBC—Hong Kong) multi-currency account number \*\*\*-\*\*\*\*\*\*-838, including all forms of currency, held in the name of Trade Avalon, Ltd., judgment be entered in favor of the United States and against Defendant asset; that,  notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed; that Defendant assets be condemned as forfeited to the United States of America; and for such other relief as this Court may deem just, necessary and proper, together with the costs and disbursements of this action.

Respectfully submitted,

WILLIAM N. NETTLES
UNITED STATES ATTORNEY


BY:    s/Carrie Fisher Sherard
CARRIE FISHERSHERARD
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, South Carolina  29601
Telephone: (864) 282-2100

May19, 2014